Eastern District of Kentucky
F I L E D
JUL 0 1 2014
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| CHRISTOPHER M. MAJOR, | |
| Petitioner, | Civil No. 5: 14-250-KKC |
| V. | |
| COMMONWEALTH OF KENTUCKY, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the "Motion for Relief Pursuant to Rule 60" [R. 1] and "Demand for Jury Trial Pursuant to Rule 38" [R. 2] filed by Christopher M. Major.

On April 26, 2008, Major pled guilty in the Circuit Court of Jessamine County, Kentucky, to a four-count indictment charging him with (1) driving under the influence – his fourth or subsequent offense within a five-year period; (2) driving under the influence with a suspended license – second offense; (3) receiving stolen property worth over $300.00; and (4) being a first-degree persistent felony offender. The Jessamine Circuit Court imposed a 15-year sentence in light of the PFO enhancement. Major recently filed a motion requesting resentencing pursuant to Ky. Rev. Stat. 532.080(3), which the Circuit Court denied on March 20, 2014. *Commonwealth v. Major*, No. 07-CR-190 (Jessamine Cir. Ct. 2007). *See Major v. Kentucky*, No. 5: 14-188-JMH (E.D. Ky. 2014) [R. 1-1, p. 1-8 therein] (hereinafter *Major I*).

Major then filed a "Notice of Removal" of that action to this Court on May 14, 2014, seeking immediate release pursuant to a number of federal statutes, including 28 U.S.C. § 2254. *Major I* [Record No. 1 therein]. On June 3, 2014, Major also filed in that action a "Motion for Relief Pursuant to Rule 60," [Record No. 4 therein]; a "Motion to Vacate Pursuant to the U.S.

1

Const., Federal Civil Judicial Procedure and Rules, and the Emancipation Proclaimation (*sic*)," [Record No. 5 therein]; a "Motion for Assitance (*sic*) of Counsel," [Record No. 6 therein]; a "Demand for Jury Trial Pursuant to Rule 38," [Record No. 6-1 therein]; and a "Petition for Declaration of Rights Pursuant to 28 U.S.C. § 2241," [Record No. 7 therein] These motions were received in this Court and docketed in *Major I* on June 11, 2014.

Before the motions were received, this Court dismissed and remanded that action on June 5, 2014, noting that Major's notice of removal under 28 U.S.C. § 1455 was untimely; failed to allege a deprivation of constitutional rights predicated upon racial discrimination under 28 U.S.C. § 1443(1); and was unwarranted because his criminal prosecution was no longer pending. [Record No. 3 therein (*citing Major v. Com.*, No. 2008-CA-001855-MR, 2009 WL 4060490 (Ky. App. Nov. 25, 2009))]. Major filed a notice of appeal from that decision on June 19, 2014. [Record No. 8 therein] The Court then denied Major's five ancillary motions on jurisdictional and substantive grounds on June 25, 2014. [Record No. 10 therein]

Following the dismissal of his case, on June 16, 2014, Major sent new photocopies of his motions for relief – identical in all respects to the ones he filed in *Major I* except for the omission of the prior case number – in three separate envelopes. Each envelope contained a copy of his "Demand for Jury Trial Pursuant to Rule 38"; one contained Major's "Motion for Relief Pursuant to Rule 60," which has been docketed as *Major v. Kentucky*, No. 5: 14-cv-250-KKC (E.D. Ky. 2014); a second contained Major's "Petition for Declaration of Rights Pursuant to 28 U.S.C. § 2241," which has been docketed as *Major v. Kentucky*, No. 5: 14-cv-251-DCR (E.D. Ky. 2014); and a third contained Major's "Motion to Vacate Pursuant to the U.S. Const., Federal Civil Judicial Procedure and Rules, and the Emancipation Proclaimation (*sic*)," which has been docketed as *Major v. Kentucky*, No. 5: 14-cv-252-KKC (E.D. Ky. 2014).

2

In the "Motion for Relief Pursuant to Rule 60" Major filed in this case, he states that the Commonwealth of Kentucky lacked jurisdiction to enter judgment against him; that his continuing custody violates the federal and Kentucky constitutions and the Emancipation Proclamation, and asks the Court to release him from custody pursuant to "Rule 60." [R. 1, pp. 1-3]

The Court construes Major's reference to "Rule 60" as an indication that he seeks relief from his state convictions through Federal Rule of Civil Procedure 60. However, a challenge to the validity of a state conviction must be pursued under 28 U.S.C. § 2254, and Rule 60 cannot be used as a substitute for this provision. *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001); *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005) (holding that where a Rule 60(b) motion seeks vindication of a claim invalidating a state conviction it constitutes a habeas petition within the purview of § 2254). As the Seventh Circuit has aptly explained in an analogous context:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. ... Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F. 3d 855, 857 (7th Cir. 2004). Because § 2254 is the appropriate vehicle for the relief Major seeks, he must file under that section.

The Court could, of course, recharacterize Major's "Rule 60" motion as a § 2254 petition with his consent after providing the warnings required by *Castro v. United States*, 540 U.S. 375, 381-83 (2003). But Major's § 2254 petition would be time-barred. Major was sentenced on April 26, 2008, and does not appear to have taken any direct appeal, as he filed a motion for collateral relief pursuant to RCr 11.42 on September 18, 2008. *See Major v. Com.*, No. 2011-

3

CA-000459-MR, 2012 WL 3136814 (Ky. App. Aug. 3, 2012). If so, the limitations period under 28 U.S.C. § 2244(d)(1)(A) – one year after the petitioner's conviction became final on direct review – expired on or about May 26, 2009. Because any recharacterization would be futile in light of a clear time bar, the Court will simply deny Major's "Rule 60" motion. *Cf. Arbing v. United States*, No. 11-CV-286-WDS, 2011 WL 6122557, at *2 (S.D. Ill. Dec. 8, 2011) (declining to recharacterize petition as initial § 2255 motion where it was time-barred) (citing *United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004) (district court's failure to notify the petitioner of recharacterization was harmless error because it "would not change the fact that the limitation period for filing a § 2255 motion had long since passed.")).

Accordingly, **IT IS ORDERED** that:

1. Christopher M. Major's "Motion for Relief Pursuant to Rule 60" [R. 1] is **DENIED**.

2. Major's "Demand for Jury Trial Pursuant to Rule 38" [R. 2] is **DENIED AS MOOT**.

3. The Court will enter a judgment contemporaneously with this Order.

4. This matter is **STRICKEN** from the active docket.

This the 1st day of July, 2014.



Signed By:
Karen K. Caldwell
United States District Judge